UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Abraham Dut M.,<br><br>    Petitioner,<br><br>v.<br><br>William P. Barr, U.S. Attorney General;<br>Secretary of Homeland Security;<br>Peter Berg, St. Paul ICE Field Director;<br>Kurt Freitag, Freeborn County Sheriff;<br><br>    Respondents. | Case No. 20-cv-786 (ECT/HB)<br><br>**REPORT AND RECOMMENDATION** |
| Abraham Dut M.,<br><br>    Petitioner,<br><br>v.<br><br>William P. Barr, U.S. Attorney General;<br>Secretary of Homeland Security;<br>Peter Berg, St. Paul ICE Field Director;<br>Kurt Freitag, Freeborn County Sheriff;<br><br>    Respondents. | Case No. 20-cv-1350 (ECT/HB) |

HILDY BOWBEER, United States Magistrate Judge

  This matter is before the Court on two substantially similar Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1]  [Doc. No. 1, *Abraham Dut M. v. Barr*, Case

---

[1] For ease of reference, where the same or substantially similar documents were filed in both cases, the Court will cite only to the papers filed in the earlier case, No. 20-cv-786, in the following discussion.  Citation to specific pages refer to the CM/ECF pagination.

1

No. 20-cv-786 (ECT/HB); Doc. No. 1, *Abraham Dut M. v. Barr*, Case No. 20-cv-1350 (ECT/HB).] Petitioner Abraham Dut M. filed his first Petition on March 23, 2020 and Respondents responded on April 27, 2020. (*See* Case No. 20-cv-786 (ECT/HB) [Doc. Nos. 1, 6].) Petitioner then filed a substantially similar Petition on June 11, 2020. (*See* Case No. 20-cv-1350 (ECT/HB) [Doc. No. 1].) On June 16, 2020, the second case was reassigned to the Honorable Eric C. Tostrud, United States District Judge, and the undersigned. (Case No. 20-cv-1350 (ECT/HB) [Doc. No. 5].) For the reasons that follow, the Court recommends that both Petitions be dismissed without prejudice.

I.   **Background**

   A.   **Petitioner's Citizenship and Immigration Status**

Petitioner is a citizen and national of South Sudan who entered the United States as a refugee on March 27, 2001. (Robinson Decl. ¶ 4 [Doc. No. 7].) Petitioner applied to adjust his status to lawful permanent residency in 2016 but his application was denied. (*Id.*)

   B.   **Petitioner's Criminal History**

On June 22, 2017, Petitioner was convicted in Moore County (Texas) District Court of Possession of a Prohibited Substance, in violation of Tex. Penal Code § 38.11. (*Id.* ¶ 5, Ex. 2 [Doc. No. 7-2].) His sentence was deferred, and Petitioner was placed on community supervision for six years. (Robinson Decl. ¶ 5.) On August 26, 2019 ICE encountered Petitioner at the Minnehaha County (South Dakota) Jail where he had been booked for failure to appear on unrelated warrants. (*Id.* ¶ 6.) Immigration officials then began to initiate removal proceedings.

### C. The Removal Proceedings

On September 30, 2019, ICE arrested Petitioner at the Minnehaha County Courthouse, serving him with an I-862 form Notice to Appear, and charging him as removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i) based on his 2017 conviction. (*Id.* ¶¶ 6–7; Ex. 1 [Doc. No. 7-1].) On November 5, 2019, an Immigration Judge ordered Petitioner removed to South Sudan, and Petitioner waived his appeal. (Robinson Decl. ¶ 8; Ex. 3 [Doc. No. 7-3].) Petitioner's removal order became final on that date. 8 C.F.R. § 1241.1(b).

With a final order of removal in place, immigration officials moved to implement the removal of Petitioner to South Sudan. On January 31, 2020, ICE officials conducted a post-order custody review of Petitioner's case. (*Id.* ¶ 11.) They determined that Petitioner should remain detained because he had failed to demonstrate he was not a danger to the community and that he did not pose a risk of flight, and because they determined his removal would likely occur in the reasonably foreseeable future. (Ex. 4 [Doc. No. 7-4 at 1].) South Sudan issued a travel document for Petitioner soon after, on February 28, 2020. (Robinson Decl. ¶ 11.)

### D. Federal Habeas Proceedings

Petitioner filed his first Petition on March 23, 2020, arguing that detention without the possibility of release violated his due process rights. [Doc. No. 1 at 7.] Petitioner then filed a substantially similar Petition on June 11, 2020, again on the ground that continued detention without bond violated due process. (*See* Case No. 20-cv-1350 (ECT/HB) [Doc. No. 1 at 7].)

## II.   Discussion

As applicable here, 28 U.S.C. § 2241 provides that a "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An individual may challenge the constitutionality of his immigration detention pending removal through a § 2241 petition. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Petitioner is subject to a final order of removal. With certain statutory exceptions, the Attorney General must remove aliens such as Petitioner within 90 days. 8 U.S.C. § 1231(a)(1)(A); *Zadvydas*, 533 U.S. at 682. The removal period begins on the latest of the following dates:

> (i)   The date the order of removal becomes administratively final.
>
> (ii)  If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id*. § 1231(a)(1)(B). The relevant federal regulation provides that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
>
> > (a)   Upon dismissal of an appeal by the Board of Immigration Appeals;
> >
> > (b)   Upon waiver of appeal by the respondent;
> >
> > (c)   Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
> >
> > (d)   If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or

>   (e)   If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days.  If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R § 1241.1.  Pursuant to 8 U.S.C. § 1231(a)(2), the Attorney General must detain the alien during the 90-day post-removal-order period.

In the present case, Petitioner's 90-day removal period began on November 5, 2019, when an Immigration Judge ordered Petitioner removed to South Sudan and Petitioner waived his appeal.  The initial 90-day removal period concluded on February 3, 2020, at which time Petitioner's continued detention presumably became authorized by § 1231(a)(6).[2]  The Attorney General has discretion under § 1231(a)(6) to detain aliens who meet certain criteria after the initial 90-day period has expired:

>   An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6); *see Bah v. Cangemi*, 489 F. Supp. 2d 905, 915 (D. Minn. 2007).

"The language of § 1231(a)(6) is permissive, not restrictive.  Nowhere does the language

---

[2]  In their response, Respondents say Petitioner is detained under 8 U.S.C. § 1231(c). (*See* Respt'ts' Resp. at 4 [Doc. No. 6].)  Section 1231(c) pertains to removal of aliens arriving at port of entry, not aliens who are removeable under 8 U.S.C. § 1227(a)(2). The Court considers this a typographical error and determines the appropriate citation is to 8 U.S.C. § 1231(a)(6).

limit the government's ability to detain aliens after the 90-day removal period has run." *Bah*, 489 F. Supp. 2d at 915.

In *Zadvydas*, the Supreme Court held § 1231(a)(6) did not permit indefinite detention, but only detention "reasonably necessary to bring about the alien's removal from the United States." 533 U.S. at 689–90. The *Zadvydas* Court held it is "presumptively reasonable to keep an alien subject to a final removal order in custody for a total of six months." *Bah*, 489 F. Supp. 2d at 916 (citing *Zadvydas*, 533 U.S. at 701). Thus, for a habeas claim to be viable after *Zadvydas*, the six-month period considered "presumptively reasonable" must have expired before the petition was filed. *See Saidi O., Petitioner, v. DHS/ICE, Respondent*, Case No. 20-cv-790 (WMW/BRT), 2020 WL 4587980, at *2 (D. Minn. June 30, 2020), *report and recommendation adopted sub nom. Saidi O. v. DHS/ICE*, Case No. 20-cv-0790 (WMW/BRT), 2020 WL 4586921 (D. Minn. Aug. 10, 2020) ("A petitioner seeking habeas relief from post-removal detention may not file a petition immediately—the petitioner must wait until after the presumptively-constitutional six-month period described in *Zadvydas* has expired"); *Victor D. v. Sec'y of Dep't of Homeland Sec.*, Case No. 18-cv-3354 (NEB/TNL), 2019 WL 2213893, at *2 (D. Minn. Apr. 12, 2019), *report and recommendation adopted*, Case No. 18-cv-03354 (NEB/TNL), 2019 WL 2212148 (D. Minn. May 22, 2019) (same).

Here, Petitioner's first Petition was filed before the expiration of the presumptively reasonable six-month window. Petitioner commenced his first action on March 23, 2020, but the six-month mark did not expire until May 5, 2020. It is of no

6

moment that the six-month window has *now* expired; an action is premature if it was commenced less than six months after the apposite removal order became final. *See Mehighlovesky v. U.S. Dep't of Homeland Sec.*, Case No. 12-cv-902 (RHK/JJG), 2012 WL 6878901, at *2 (D. Minn. Dec. 7, 2012), *report and recommendation adopted*, Case No. 12-civ-902 (RHK/JJG), 2013 WL 187553 (D. Minn. Jan. 17, 2013). Petitioner's first Petition is therefore premature and should be dismissed.

Petitioner's second Petition was filed on June 11, 2020, after the expiration of the presumptively reasonable six-month window. But the *Zadvydas* court did not construe the six-month mark as a red line, beyond which "every alien not removed must be released." *See* 533 U.S. at 701. Rather, "[a]fter this six-month period, once the alien provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* As to his second Petition, therefore, Petitioner bears the burden of showing that there is "good reason to believe" his removal will not be coming soon. *See id.*; *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) ("The alien bears the initial burden of proof in showing that no such likelihood of removal exists."); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) ("Therefore, in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.") Petitioner has made no such showing. For their part, Respondents have not provided an update to the Court as to the likelihood of Petitioner's removal in the near future, but have represented

7

that the government of South Sudan has been "cooperative" in assisting the U.S. with removal of South Sudanese citizens and that, as of April 2020, there was a "significant likelihood of removal in the reasonably foreseeable future." (Robinson Decl. ¶¶ 10, 12.) Moreover, even if the Court found Petitioner had met his burden to show that his removal in the reasonably foreseeable future was not likely, Respondents would be afforded an opportunity to respond to such an argument. Therefore, and because future circumstances may affect the reasonableness of Petitioner's continued detention, the Court recommends that the second Petition likewise be dismissed without prejudice.

### III.   Recommendation

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. The Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus [Doc. No. 1] in *Abraham Dut M. v. Barr*, Case No. 20-cv-786 (ECT/HB) be **DISMISSED WITHOUT PREJUDICE**.

2. The Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus [Doc. No. 1] in *Abraham Dut M. v. Barr*, Case No. 20-cv-1350 (ECT/HB) be **DISMISSED WITHOUT PREJUDICE**.

Dated:  August 17, 2020            s/ *Hildy Bowbeer*
                                   HILDY BOWBEER
                                   United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).