UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Abraham Dut M.,                                             File No. 20-cv-786 (ECT/HB)

        Petitioner,

v.
                                                                         **ORDER**

William P. Barr, U.S. Attorney General;
Secretary of Homeland Security;
Peter Berg, ICE Field Director, St. Paul;
Sheriff Kurt Freitag, Freeborn County
Sheriff,

        Respondents.

_____

Abraham Dut M.,                                             File No. 20-cv-1350 (ECT/HB)

        Petitioner,

William P. Barr, Attorney General;
Secretary of Homeland Security;
Peter Berg, Director of St. Paul Field Office;
Sheriff Kurt Freitag,

        Respondents.
_____

     This case is before the Court on a Report and Recommendation issued by Magistrate

Judge Hildy Bowbeer on August 17, 2020.  ECF No. 12 ("R&R").[1]  Magistrate Judge

Bowbeer recommends dismissing without prejudice each of two Petitions for a Writ of

_____

[1]    The R&R addresses two substantially similar habeas corpus petitions filed by Abraham Dut M.  *Abraham Dut M. v. Barr*, No. 20-cv-786 (ECT/HB), ECF No. 1; *Abraham Dut M. v. Barr*, No. 20-cv-1350 (ECT/HB), ECF No. 1.  Where the same or substantially similar documents were filed in both cases, citations will reference only papers filed in No. 20-cv-786.

Habeas Corpus filed by Abraham Dut M. under 28 U.S.C. § 2241.  R&R at 8.  Dismissal of the first Petition is recommended because it was filed prematurely—sooner than six months after the order of removal became final (a presumptively-constitutional duration of detention under 8 U.S.C. § 1231(a)(6)).  *Id.* at 5–7.  Dismissal of the second Petition is recommended because Abraham has not met his initial burden to demonstrate there is "good reason to believe" that there is no significant likelihood of removal in the reasonably foreseeable future.  *Id.* at 7–8.  Abraham filed a letter dated August 20, 2020, in which he alleges a conspiracy among the Republic of South Sudan, the Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"), and an individual ICE officer.  ECF No. 13 at 1–2 ("Pet'r Ltr.").  Abraham seems to request an order directing the South Sudanese government to talk directly with him and explain why he has yet to be issued a travel document.  *Id.*

Under 28 U.S.C. § 636(b)(1), a judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See also* L.R. 72.2(b)(3).  Abraham's letter does not allude or object to any portion of or finding in the R&R.  *See* Pet'r Ltr.  Still, Abraham's allegation of a conspiracy between the South Sudanese and United States governments—seemingly regarding his ability to secure a travel document—may be understood to implicitly challenge the Magistrate Judge's finding that the South Sudanese Government has been "cooperative" and that there is a "significant likelihood of removal in the reasonably foreseeable future."  R&R at 7–8.  The R&R will therefore be reviewed de novo.  Having undertaken that de novo review, the R&R will be accepted.

There is no question that Abraham's first Petition was prematurely filed within the presumptively constitutional six-month period established in *Zadvydas v. Davis*. 533 U.S. 678, 701 (2001); *see Saidi O. v. DHS/ICE*, Case No. 20-cv-790 (WMW/BRT), 2020 WL 4587980, at *2 (D. Minn. June 30, 2020), *report and recommendation adopted sub nom.*, 2020 WL 4586921 (D. Minn. Aug. 10, 2020); *see also* R&R at 6–7. The first Petition was therefore properly dismissed.

Abraham's second Petition was filed on June 11, 2020, over a month outside of the six-month window. R&R at 7. As Magistrate Judge Bowbeer correctly noted, a petition filed outside of the six-month *Zadvydas* window must meet an initial burden to show "good reason to believe there is not significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Abraham did not provide any evidence to meet this burden in his Petition. *See* ECF No. 1. But even carefully reviewing Abraham's new allegations regarding a conspiracy between the South Sudanese and United States governments, *see Ridenour v. Boehringer Ingelheim Pharms., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012) (concluding that "[t]he district court properly refused to consider [appellant's] argument . . . because th[e] argument was not presented first to the magistrate judge"), Abraham still fails to meet his burden. Abraham has provided no evidence to substantiate his claims. *See, e.g.*, *Mehighlovesky v. U.S. Dept. of Homeland Sec.*, 12-cv-902 (RHK/JJG), 2012 WL 6878901, at *3–4 (D. Minn. Dec. 7, 2012) (finding that petitioner had not met *Zadvydas* burden where he "ha[d] not offered any evidence of any kind—not even a self-serving declaration—to support his conclusory allegations regarding the supposed impediments to his removal"), *report and recommendation adopted*, 2013

3

WL 4586921 (D. Minn. Jan. 17, 2013).   Abraham's second Petition was properly

dismissed.[2]

## ORDER

For the foregoing reasons, and based on all the files, records, and proceedings in the

above-captioned matters, **IT IS ORDERED THAT**:

1.  The Report and Recommendation in *Abraham Dut M. v. Barr*, No. 20-cv-786

    [ECF No. 12] is **ACCEPTED**.

2.  Petitioner's objection to the Report and Recommendation in *Abraham Dut M. v.*

    *Barr*, No. 20-cv-786 [ECF No. 13] is **DENIED**.

3.  The Report and Recommendation in *Abraham Dut M. v. Barr*, No. 20-cv-1350

    [ECF No. 7] is **ACCEPTED**.

4.  Petitioner's objection to the Report and Recommendation in *Abraham Dut M. v.*

    *Barr*, No. 20-cv-1350 [ECF No. 8] is **DENIED**.

5.  The Petition for Writ of Habeas Corpus [ECF No. 1] in *Abraham Dut M. v. Barr*,

    No. 20-cv-786 (ECT/HB) is **DISMISSED WITHOUT PREJUDICE**.

6.  The Petition for Writ of Habeas Corpus [ECF No. 1] in *Abraham Dut M. v. Barr*,

    No. 20-cv-1350 (ECT/HB) is **DISMISSED WITHOUT PREJUDICE.**

---

[2]     Because Magistrate Judge Bowbeer's determination that "future circumstances may affect the reasonableness of [Abraham]'s continued detention" is also accepted, Abraham's Petitions will be denied without prejudice, and he may attempt to substantiate his allegations should he commence another proceeding under § 2241.  R&R at 8; *see, e.g.*, *Gahamanyi v. Baniecke*, No. 07-cv-4007 (RHK/RLE), 2008 WL 5071098, at *1, *12 (D. Minn. Nov. 24, 2008).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 15, 2020                    s/ Eric C. Tostrud
                                              Eric C. Tostrud
                                              United States District Court